UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**JOSE MIGUEL BUENO,**

**Plaintiff,**

**v.**

**ESTEFANI RESTAURANT, LLC and
FIDELINA GARCIA,**

**Defendants.**

CIVIL ACTION NO.: _____

## COMPLAINT AND JURY DEMAND

### Introduction

1.      Plaintiff Jose Miguel Bueno ("Plaintiff" or "Bueno") brings this action to recover overtime pay for work that he performed for the Defendants, Estefani Restaurant, LLC ("Estefani Restaurant") and Fidelina Garcia ("Garcia") (collectively referred to herein as "Defendants").  Bueno worked for Defendants between April 2024 and October 2024. Throughout this period, Plaintiff worked an average of 60 hours per week, and Defendants regularly and deliberately failed to pay Plaintiff overtime wages.

2.      As a result, Bueno brings this action seeking his owed overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*  Plaintiff seeks, among other forms of relief, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

### Parties

3.      Plaintiff Jose Miguel Bueno is a resident of Lynn, Massachusetts.  He worked for Defendants' restaurant from April 2024 until October 21, 2024.

1

4.    Defendant Estefani Restaurant, LLC is a Massachusetts limited liability corporation located at 106 Union St, Lynn, Massachusetts, with a principal place of business at the same address.

5.    Defendant Fidelina Garcia currently resides at 51 Green St, Lynn, Massachusetts. Defendant is an employer for the purposes of the FLSA.  As reflected in records filed with the Massachusetts Secretary of State's Office, she is the Manager of Estefani Restaurant, LLC. Garcia substantially or exclusively controls Estefani Restaurant, LLC's policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

6.    During the relevant time period, Estefani Restaurant was an enterprise engaged in interstate commerce under the FLSA and the regulations interpreting the FLSA.

7.    On information and belief, Defendants maintained annual gross sales of at least $500,000 during the relevant time period.

8.    Defendants regularly transacted business in this district during the relevant time period.

9.    Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by the FLSA.

## Jurisdiction and Venue

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11.    Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

12.     Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

## Factual Allegations

13.     Plaintiff worked for Defendants' restaurant from April 2024 until October 21, 2024.

14.     Plaintiff earned $16 per hour until June 2024 and $17 per hour from June 2024 until his termination on October 21, 2024.

15.     Throughout his employment at Estefani Restaurant, Plaintiff regularly worked six days per week.

16.     Throughout his employment, Plaintiff worked an average of 60 hours per week.

17.     Defendants failed to pay Plaintiff an overtime premium for the hours that he worked in excess of 40 hours each week.

## COUNT I

### FAILURE TO PAY OVERTIME – FLSA

18.     Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation at one-and-a-half times his regular hourly rate for the hours each week that he worked in excess of 40 hours.

19.     Plaintiff has been damaged by these violations of 29 U.S.C. § 207(a).

20.     Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, in an amount to be determined at trial,

plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court enter the following relief:

A.      Determine the damages sustained by Plaintiff as a result of Defendants' violations of wage and overtime compensation laws pursuant to the Fair Labor Standards Act, and other federal and state laws, rules, and regulations, and award those damages against Defendants in favor of Plaintiff, plus liquidated damages and interest as provided for by law;

B.      Award Plaintiff costs of this suit, including, without limitation, reasonable attorneys' fees; and

C.      Any other or further relief as the Court may deem just and proper.


### PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE


JOSE MIGUEL BUENO,

By his attorney,

David J. McKenna (BBO # 709473)
Greater Boston Legal Services
197 Friend Street Boston, MA 02114
dmckenna@gbls.org
617-603-1703

Dated: March 21, 2025